[Cite as *MidFirst Bank v. Stychno*, 2016-Ohio-1298.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MIDFIRST BANK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2014-T-0022 |
| JEFFREY L. STYCHNO a.k.a. JEFFREY STYCHNO, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2012 CV 02872.

Judgment: Affirmed.

*John E. Codrea*, *Ann Marie Johnson*, *Sherrie Mikhail Miday*, and *Kyle E. Timken*, Manley Deas Kochalski, LLC, 1400 Goodale Blvd., Suite 200, P.O. Box 165028, Columbus, OH 43216-5028 (For Plaintiff-Appellee).

*Marc E. Dann*, *Grace M. Doberdruk*, and *Daniel M. Solar*, Dann, Doberdruk & Harshman, LLC, 4600 Prospect Avenue, P.O. Box 6031040, Cleveland, OH 44103 (For Defendants-Appellants).

TIMOTHY P. CANNON, J.

{¶1}   Appellants, Jeffrey L. Stychno, Heidi K. Stychno, and Margaret M. Stychno, appeal the judgment of the Trumbull County Court of Common Pleas entering judgment and a decree in foreclosure in favor of appellee, MidFirst Bank. Based on the following, we affirm.

{¶2} Appellee filed a complaint for foreclosure against Appellants Jeffrey and Heidi Stychno concerning the real estate located at 186 Oak Knoll, Warren, Ohio 44483. Appellee also named several other parties that had a recorded interest in the real estate, namely Appellant Margaret Stychno, a land contract vendee. The complaint alleged that Jeffrey Stychno executed a promissory note, dated September 17, 1999, for the principal amount of $94,734.00. Jeffrey and Heidi Stychno both executed the mortgage, dated September 17, 1999, providing security for the repayment of the note. The mortgage was recorded.

{¶3} Both the mortgage and note were eventually assigned to appellee; this assignment was recorded.

{¶4} The complaint alleged that appellee was due the principal amount of $78,134.53, plus interest at 8.25% per annum from June 1, 2012. Appellants filed an answer.

{¶5} The case proceeded to a bench trial before the magistrate. The magistrate issued her decision on February 12, 2014, finding in favor of appellee and against appellants as to all three counts in the complaint for foreclosure. The decision notified the parties they had fourteen days from the filing of the magistrate's decision to serve and file written objections.

{¶6} Prior to the deadline for filing objections, February 20, 2014, appellants filed a "motion for extension of time to file objections to magistrate's decision." In their motion, appellants requested an additional 30 days to file their objections as they had not received a copy of the trial transcript and, as such, their objections could not be drafted.

{¶7}   On March 10, 2014, with no timely objections being filed by appellants, the trial court adopted the magistrate's decision and entered a Judgment and Decree in Foreclosure in favor of appellee.  Thereafter, on March 12, 2014, appellants filed a "motion for leave to file objections to the magistrate's decision instanter."  Appellants attached their objections to the magistrate's decision as well as a copy of the transcript.  The trial court denied the motion, stating: "The Court did not find the motion for extension of time had merit on March 10, 2014 and it finds the request is again without merit at this time."

{¶8}   Appellants appealed.  For ease of discussion, we first address appellants' fourth assignment of error:

{¶9}   "The trial court abused its discretion by not permitting appellants an extension to file objections to the magistrate's decision while waiting for the trial transcript."

{¶10}   Under their fourth assignment of error, appellants maintain the trial court abused its discretion in denying both their motion for extension of time, filed February 20, 2014, and their motion for leave to file objections instanter, filed March 12, 2014.  Appellants reason they had ordered the trial transcript on February 6, 2014—six days before the magistrate issued her decision.  Further, appellants maintain they moved for this extension prior to the deadline for filing their objections.

{¶11}   In the case at bar, the magistrate's decision was filed February 12, 2014.  Therefore, appellants had fourteen days from the date of the filing of the decision to file their objections.  Civ.R. 53(D)(3)(b)(i).  Instead of timely filing objections, appellants

3

requested an extension of time in order to obtain the trial transcript. Appellants reasoned the transcripts were needed in order to file their objections.

{¶12} Appellants' arguments, however, presume they were required to file a transcript *with* their objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iii) specifically governs those situations where a transcript is unavailable at the time objections are to be filed. It provides:

> Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶13} Consistent with the language of the rule, the Staff Note to Civ.R. 53 states that "[t]he last sentence of Civ.R. 53(D)(3)(b)(iii) allows an objecting party to seek leave of court to supplement previously filed objections where the additional objections become apparent after a transcript has been prepared."

{¶14} Appellants were required to file objections within the fourteen-day period as mandated by Civ.R. 53. Appellants attended the hearing before the magistrate and possessed the magistrate's findings of fact and conclusions of law. While a transcript may have been necessary to accurately cite to particular testimony, the nature of the objections were known to appellant without a transcript. Appellants, consequently, did not need a transcript to timely file their objections to the magistrate's decision.

4

Appellants were, however, required to file the requisite transcript or affidavit within 30 days after filing the objections. Further, if after timely objections were made, appellants found it necessary to supplement their objections after a review of the trial transcript, they could have sought leave of the trial court. *See Haverdick v. Haverdick*, 11th Dist. Trumbull No. 2010-T-0040, 2010-Ohio-6256, ¶19 ("[A]ppellant's objections included a request that the court allow her time to obtain transcripts. * * * [A]ppellant represented she was seeking a transcript to supplement her objections with additional objections and argumentation.").

{¶15} Appellants failed to comply with the requirements of Civ.R. 53. Instead of filing objections, they filed a request for leave to file objections, without any real justification for failing to file the objections timely. Appellants did not file a copy of their objections until their motion for leave to file them instanter on March 12, 2014. Therefore, we cannot say the trial court abused its discretion in denying appellants' motions.

{¶16} Appellants' fourth assignment of error is without merit.

{¶17} Next, we address appellants' first, second, and third assignments of error together. They provide:

> [1.] The trial court erred by granting a judgment of foreclosure involving an FHA note and mortgage when appellee MidFirst Bank failed to comply with federal regulations for loss mitigation and the face-to-face meeting requirement prior to filing for foreclosure against appellants.
>
> [2.] The trial court erred by not granting appellants' motion to dismiss at the close of trial because appellee's counsel admitted that MidFirst was not registered to do business with the Ohio Secretary of State.

5

[3.] The trial court erred by finding that appellee could enforce the note because the note attached to the complaint was indorsed in blank but the note presented at trial had an indorsement to MidFirst Bank that was not made by Principal Residential Mortgage, Inc.

{¶18} On appeal, appellee argues that appellants' first, second, and third assignments of error are waived, as appellants failed to comply with Civ.R. 53.

{¶19} Civ.R. 53(D)(3)(b)(i) provides that a party may file objections to a magistrate's decision within fourteen days after the decision is filed. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53 (D)(3)(b)(iv).

{¶20} As previously noted, appellants failed to file timely objections to the magistrate's decision. Further, attached to their March 12, 2014 motion, appellants attached a copy of the trial transcript. The trial court, however, overruled said motion. As noted, appellants provided notice of what their objections were in the March 12, 2014 motion for leave to file them instanter.

{¶21} Accordingly, because appellants failed to file objections to the magistrate's decision, we are limited to plain error review in considering these assignments of error. See In re G.S., 10th Dist. Franklin Nos. 10AP-734, etc., 2011-Ohio-2487, ¶6.

> In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstancesrequire its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

Goldfuss v. Davidson, 79 Ohio St.3d 116, 121 (1997). "Appellate courts find plain error only in 'extremely rare circumstances where the error seriously affects the basic

6

fairness, integrity, or public reputation of the judicial process itself.'" *Brooks-Lee v. Lee,* 10th Dist. Franklin No. 11AP-284, 2012-Ohio-373, ¶26. Here, appellants allege no such errors.

{¶22} After review of the proposed objections, we do not find any plain error in the magistrate's decision or the trial court's adoption of the decision. Consequently, appellants' first, second, and third assignments of error are without merit.

{¶23} Based on the opinion of this court, the judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.